NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**EUGENE D. JOHNSON,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2014-3104

---

Petition for review of the Merit Systems Protection Board in No. DC-3443-14-0150-I-1.

---

Decided: November 12, 2014

---

EUGENE D. JOHNSON, of Spotsylvania, Virginia, pro se.

LINDSEY SCHRECKENGOST, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief was BRYAN G. POLISUK, General Counsel.

---

Before REYNA, LINN, and WALLACH, *Circuit Judges.*

PER CURIAM.

Eugene D. Johnson ("Johnson") appeals the decision of the Merit Systems Protection Board (the "Board"), dismissing his appeal for lack of jurisdiction. *See Johnson v. Dep't of Health & Human Servs.*, No. DC-3443-14-0150-I-1 (Merit Sys. Prot. Bd. Mar. 7, 2014) ("Opinion"). Because the Board did not err in concluding that it lacked jurisdiction in this case, we affirm.

BACKGROUND

Johnson was a federal employee for many years and retired from the government in 2009. In November 2013, Johnson filed this appeal with the Board. Johnson's complaint alleges unspecified problems, harassment and stress following a claimed involuntary transfer from the Department of Health and Human Services ("HHS") to the U.S. General Services Administration ("GSA") in September of 2001, over thirteen years ago. He also alleges that he was paid as a grade 13 at HHS but as a grade 12 at GSA. According to Johnson, this transfer was a result of his taking a stance against the wasteful acts of government contractors, and therefore he is entitled to the protections of the Whistleblower Protection Act of 1989 (Public Law 101-12). Johnson's complaint, while referencing the Whistleblower Protection Act, does not purport to be an individual right of action but is presented as an otherwise appealable action under Chapter 74 of Title 5.

The generalized allegations of events that took place long before Johnson retired from government service in 2009 led the Board to question whether it had jurisdiction over Johnson's appeal and whether the appeal was timely filed. In an acknowledgement order, the Board ordered Johnson to "file evidence and argument to show a basis for the Board's jurisdiction over [his] appeal and to prove that his appeal is timely or that good cause exists for waiving the filing deadline." *Johnson v. Dep't of Health &*

*Human Servs.*, No. DC-3343-14-0150-I-1, at 3 (Merit Sys. Prot. Bd. Dec. 2, 2013) ("Acknowledgement Order"). The Board gave Johnson fifteen days to respond and submit any supplemental materials. Johnson filed two responses with several pages of attachments. On February 24, 2014, after the administrative record closed, Johnson filed additional documents.

The Board dismissed Johnson's case for lack of jurisdiction. Despite the volume of material presented, the Board found that Johnson had not articulated any basis for the Board's jurisdiction over the matter. The Board also found that Johnson failed to explain the reason for his "years-long delay," but did not decide the appeal on that basis. Opinion at 3. Johnson then appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2012).

## DISCUSSION

The Board's jurisdiction under Chapter 75 of Title 5 "is limited to adverse personnel actions expressly made appealable to it by law, rule, or regulation." *Herman v. Dep't of Justice*, 193 F.3d 1375, 1378 (Fed. Cir. 1999) (citing 5 U.S.C. § 7701(a)). The burden of showing jurisdiction is on the petitioner. 5 C.F.R. § 1201.56(a)(2)(i). Whether the Board has jurisdiction to review a particular appeal is a question of law, which we review *de novo*. *Johnston v. Merit. Sys. Prot. Bd.*, 518 F.3d 905, 909 (Fed. Cir. 2008).

Johnson first argues that "a new legal argument" is available that proves retribution against him by HHS for whistleblowing. He argues that the Board erred by not applying the Whistleblowing Protection Act of 1989. *See* 5 U.S.C. § 2302(b). Johnson also argues that his February 24, 2014 submission was not untimely because the Administrative Law Judge had extended the filing date to February 25, 2014, and that this filing would show a basis for the Board's jurisdiction.

While Johnson continues to make general allegations of improper treatment, he has yet to articulate any proper basis to support the Board's jurisdiction or to articulate why his appeal is timely filed. It is not enough to make general assertions of whistleblowing, or reprisals therefrom, without articulating any specific personnel action taken, or any other basis for appeal to the Board. *See Ellison v. Merit Sys. Prot. Bd.*, 7 F.3d 1031, 1036 (Fed. Cir. 1993) ("The law, however, is well settled that the mere recitation of a basis for jurisdiction by a party is not sufficient. Rather, substantive details establishing jurisdiction must be alleged in the complaint." (citations omitted)). Moreover, it is neither the Board's nor this Court's responsibility to wade through hundreds of pages of materials in search of some unspecified wrongdoing that allegedly began over a decade ago. *See, e.g.*, *United States v. Claxton*, 766 F.3d 280, 307 (3d Cir. 2014) ("[W]e will not root through the hundreds of documents and thousands of pages that make up the record here to make [the appellant's] case for him.").

Regarding Johnson's argument that his February 24, 2014 submission was timely filed and should have been considered by the Board, we find no support in the record for this proposition. The Board advised Johnson that he had fifteen calendar days from December 2, 2013 to submit additional materials. *See* Acknowledgement Order at 3. No extensions were requested or granted by the Board in this matter. Johnson's claim that the Board extended the filing date is unsubstantiated. Accordingly, we affirm the Board's decision to refuse to consider Johnson's supplemental filing.

For the foregoing reasons, the Board's determination that it lacked jurisdiction over Johnson's appeal is affirmed.

**AFFIRMED**

## Costs

Each party shall bear its own costs.