**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| DAMIAN NASTRI,<br>Appellant, | DOCKET NUMBER<br>DC-1221-18-0420-W-1 |
| v. | |
| DEPARTMENT OF DEFENSE,<br>Agency. | DATE: May 30, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Damian R. Nastri</u>, Springfield, Virginia, pro se.

<u>Lauren Adkins</u>, Alexandria, Virginia, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

¶1 The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to provide an alternate basis for dismissing the appeal for lack of jurisdiction, we AFFIRM the initial decision.

## BACKGROUND

¶2    In March 2014, the appellant filed a complaint with the Office of Special Counsel (OSC) alleging that the agency took personnel actions against him in retaliation for making protected disclosures. Initial Appeal File (IAF), Tab 1 at 54, 65. On January 23, 2018, OSC issued the appellant a close-out letter, informing him of his right to seek corrective action from the Board. *Id.* In the letter, OSC indicated that the appellant alleged that the agency "retaliated against [him] for disclosing information described in our whistleblower statute, 5 U.S.C. § 2302(b)(8)," and that the "disclosures of information and personnel actions that form the bases of [his] OSC complaint are set forth in [his] original complaint and the numerous submissions [he has] made to this office since that filing." *Id.*

¶3    The appellant subsequently filed the present appeal, which the administrative judge found to be timely filed. IAF, Tabs 1, 13. Thereafter, the administrative judge issued a detailed jurisdictional order, explaining the appellant's jurisdictional burden and instructing him to produce evidence and argument establishing the Board's jurisdiction over his appeal. IAF, Tab 15. In the order, she specifically instructed the appellant to provide evidence that he

exhausted his whistleblower claims with OSC, emphasizing that the Board may only consider the precise whistleblowing disclosures and personnel actions that were brought to the attention of OSC. *Id.* at 3. She also informed him that he must show that he raised with OSC the protected disclosures, protected activity, and personnel actions that he sought to litigate before the Board and that there were no exceptions to this requirement. *Id.* at 9. The administrative judge granted the appellant's request for an extension of time to respond to the jurisdictional order, providing him a 90-day extension. IAF, Tab 26 at 4. The appellant timely submitted a response, but he did not substantively address the jurisdictional issue. IAF, Tab 39. As a result, the agency moved the administrative judge to dismiss the appeal for lack of jurisdiction. IAF, Tabs 39-40.

¶4 As explained in detail by the administrative judge in the initial decision, during the course of the proceedings below, the appellant filed several motions and other pleadings in which he, among other things, requested to stay proceedings and remand his appeal to OSC, requested several protective orders, sought to recuse agency counsel, sought reconsideration of his request for protective orders, requested that the administrative judge certify an interlocutory appeal on all of these matters, sought a dismissal without prejudice, requested that the administrative judge disqualify herself from the appeal, and again requested that the administrative judge certify an interlocutory appeal on these matters. IAF, Tabs 1, 4, 12, 20-21, 29, 36, 39, 42, 45, Initial Decision (ID). The administrative judge denied these requests. IAF, Tabs 14, 25-26, 30, 34, 38, 41, 44.

¶5 Without holding a hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. ID at 1. She found that, although the appellant established that he filed a complaint with OSC in March 2014, he failed to specify what particular claims he raised in his complaint vis-à-vis the claims he raised in his appeal. ID at 6. She indicated that the

appellant referenced a letter that he alleged that he received from OSC in 2016, stating that his initial OSC "complaint memorandum was 221 single-spaced pages long and was supplemented . . . totaling several thousand pages," and included "multiple violations of 5 U.S.C. § 2302(b)(1), (4), (5), (6), (8), (9), (10), (11), (12), (13); 5 U.S.C. § 2302(c); and 5 U.S.C. § 1216(a)(3)." ID at 7; IAF, Tab 1 at 62. She also indicated that the appellant alleged that the letter concluded, "[d]ue to the volume of [his] complaint and the breadth of [his] allegations, OSC focused the investigation on two sets of substantive, discrete personnel actions." ID at 7; IAF, Tab 1 at 62-63. She further stated that the appellant referenced another, undated letter from OSC in which OSC indicated, "[b]ecause [he had] alleged hundreds of prohibited personnel practices in [his] complaint, it is not practical for me to list them all here." ID at 7; IAF, Tab 1 at 63. She concluded that, even if the appellant submitted voluminous documentation to OSC, his appeal did not contain enough information to ascertain what particular claims he exhausted in that forum. ID at 7. In response to the appellant's argument that he could not be expected to provide the Board with evidence of exhaustion due to the breadth of his claims and the alleged thousands of pages he submitted to OSC during its investigation, the administrative judge noted that she granted far more time than typically allotted to respond to her jurisdictional notice and that the requirements set forth in her order were clear, reasonable, and necessary. ID at 8. She concluded that, because the appellant failed to substantively respond to her order or otherwise provide the required information, he failed to prove that he exhausted with OSC and that, therefore, the appeal must be dismissed. *Id.*

¶6      The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has replied in opposition. PFR File, Tab 3.

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶7 To establish jurisdiction over an IRA appeal, an appellant must show that he exhausted his administrative remedies before OSC and make the following nonfrivolous allegations: (1) that he made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) that the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined under 5 U.S.C. § 2302(a). *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016); *see* 5 U.S.C. §§ 1214(a)(3), 1221(e) (1). Conclusory, vague, or unsupported allegations are insufficient to qualify as nonfrivolous allegations of IRA jurisdiction. *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 7 (2011). If the appellant establishes Board jurisdiction over his IRA appeal by exhausting his remedies before OSC and making the requisite nonfrivolous allegations, he has the right to a hearing on the merits of his claim. *Id.*

¶8 Under 5 U.S.C. § 1214(a)(3), an appellant is required to "seek corrective action from [OSC] before seeking corrective action from the Board" through an IRA appeal. *Miller v. Federal Deposit Insurance Corporation*, 122 M.S.P.R. 3, ¶ 6 (2014), *aff'd*, 626 F. App'x 261 (Fed. Cir. 2015). To satisfy this requirement, an appellant must provide to OSC a sufficient basis to pursue an investigation that might lead to corrective action. *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 10. The Board's jurisdiction is limited to issues raised before OSC. *See Ellison v. Merit Systems Protection Board*, 7 F.3d 1031, 1037 (Fed. Cir. 1993); *Coufal v. Department of Justice*, 98 M.S.P.R. 31, ¶ 14 (2004). An appellant may demonstrate exhaustion through his initial OSC complaint, evidence that he amended the original complaint, including but not limited to OSC's determination letter and other letters from OSC referencing any amended allegations, and the appellant's written responses to OSC referencing the

amended allegations. *Mason*, 116 M.S.P.R. 135, ¶ 8; *see McCarthy v. Merit Systems Protection Board*, 809 F.3d 1365, 1374 (Fed. Cir. 2016).

¶9        On review, the appellant makes several arguments concerning, among other things, the administrative judge's procedural rulings below and her alleged bias against him, but he fails to challenge the administrative judge's ruling that he did not establish that he exhausted his claims with OSC. PFR File, Tab 1. Rather, as to exhaustion, he claims that the administrative judge's orders instructing him to file evidence and argument at the jurisdictional stage were impossible to satisfy, unlawful, and harassing. *Id.* at 12-18. In particular, he alleges that the administrative judge's instruction for him to provide the Board evidence of exhaustion at the jurisdictional stage is unlawful because he does not need to prove the elements of his claim until he receives a hearing on the merits. *Id.* at 15-18.

¶10       The appellant's arguments are unpersuasive, as it is well settled that, to receive a hearing on the merits in an IRA appeal, an appellant must, inter alia, prove exhaustion by a preponderance of the evidence. *Mason*, 116 M.S.P.R. 135, ¶ 9; *see Miller*, 122 M.S.P.R. 3, ¶ 10 (stating that seeking corrective action with OSC is an important statutory prerequisite to an IRA appeal before the Board). Here, the administrative judge properly determined that the appellant failed to meet his burden. Specifically, the lone piece of correspondence from OSC that the appellant submitted in the appeal was his close-out letter, which referenced only unidentified disclosures of information under 5 U.S.C. § 2302(b)(8) and unidentified personnel actions. IAF, Tab 1 at 65. Moreover, the appellant failed to otherwise identify the whistleblowing disclosures and personnel actions that were brought to the attention of OSC. Under these circumstances, the administrative judge properly concluded that the appellant failed to prove that he exhausted his claims with OSC because he failed to show which of his several alleged protected disclosures and personnel actions he raised before OSC. ID at 6-8; *see Boechler v. Department of the Interior*, 109 M.S.P.R. 638, ¶¶ 9-12

(2008) (dismissing an IRA appeal for failure to exhaust when the appellant's evidence of exhaustion did not show that he raised before OSC the same issues raised in his Board appeal), *aff'd*, 328 F. App'x 660 (Fed. Cir. 2009).

¶11      Nevertheless, even if the appellant could show that he exhausted his administrative remedies before OSC concerning the disclosures and personnel actions generically referenced in the close-out letter, he cannot establish that the Board has jurisdiction over his IRA appeal because he failed to nonfrivolously allege that he made a protected disclosure under 5 U.S.C. § 2302(b)(8). In the appellant's lengthy initial appeal, he alleged that he made over 100 disclosures concerning the agency's unlawful, unethical, and criminal actions over a long period of time, but he did not provide specific information concerning the alleged disclosures in any coherent manner. IAF, Tab 1. As a result, the administrative judge issued a jurisdictional order, which provided explicit instructions to the appellant regarding what he needed to allege to make a nonfrivolous allegation of a protected disclosure, including the need to identify each disclosure by number, and indicate the date, substance, and recipients of each disclosure. IAF, Tab 15 at 7. The appellant failed to do so, and we find that his vague and conclusory allegations contained in the initial appeal do not amount to a nonfrivolous allegation that he made a protected disclosure under section 2302(b)(8). *See, e.g.*, *Johnson v. Merit Systems Protection Board*, 583 F. App'x 908, 909 (Fed. Cir. 2014) (Table) (finding that it is neither the Board's nor our reviewing court's responsibility to wade through hundreds of pages of materials in search of allegations establishing jurisdiction);[2] *Keefer v. Department of Agriculture*, 92 M.S.P.R. 476, ¶ 18 n.2 (2002) (holding that it is not the Board's obligation to pore through the record or to construe and make sense of allegations based on various parts of a voluminous file).

---

[2] The Board has held that it may rely on unpublished decisions of the U.S. Court of Appeals for the Federal Circuit if it finds the court's reasoning persuasive. *See Herring v. Department of the Navy*, 90 M.S.P.R. 165, ¶ 13 n. * (2001).

¶12    As to the appellant's arguments on review concerning the administrative judge's procedural rulings below and her alleged bias against him, we find them without merit.[3] *See, e.g.,* *Defense Intelligence Agency v. Department of Defense*, 122 M.S.P.R. 444, ¶ 16 (2015) (explaining that administrative judges have broad discretion to regulate the proceedings before them and, absent an abuse of discretion, the Board will not find reversible error in such rulings); *Young v. U.S. Postal Service*, 115 M.S.P.R. 424, ¶ 19 (2010) (stating that, in making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators); *Keefer v. Department of Agriculture*, 92 M.S.P.R. 476, ¶ 7 (2002) (finding an administrative judge acted within his discretion in declining to certify a ruling on a recusal motion based on "other disqualification" as an interlocutory appeal because, on its face, the issue did not involve an important question of policy or law).

¶13    We have reviewed the appellant's remaining arguments and determined that they provide no basis to disturb the initial decision.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Boards final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate

---

[3] In explaining his bias claim, the appellant states that the administrative judge "recognized [his] handicapped nature" and subsequently retaliated against him during the proceedings. PFR File, Tab 1 at 22. To the extent that the appellant is raising an allegation that the administrative judge discriminated against him on the basis of disability under 5 C.F.R. § 1207.170, he has provided insufficient information explaining or supporting such a claim. Accordingly, we find that this argument provides no basis to disturb the initial decision.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>.** This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must <u>receive</u> your petition for

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    *Gina K. Grippando*
                                  _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.